# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSLVANIA

THE UNITED STATES OF AMERICA,

    Plaintiff,    Civil Action No. 20-1396

 v.

THE DORCHESTER OWNERS    JURY TRIAL DEMANDED
ASSOCIATION,

    Defendant.

## MOTION TO INTERVENE AS PARTY PLAINTIFF

AND NOW COMES Intervenor, LOUISE HAMBURG, by and through her undersigned counsel, to allege and move this Court as follows:

1. The Dorchester on Rittenhouse Square ("Dorchester") is a 32-story condominium complex located in Philadelphia, Pennsylvania. The Dorchester Owners Association ("DOA") is a condominium association which governs the Dorchester. Movant Louise Hamburg has been a Dorchester condominium owner since 1999.

2. On April 30, 2018, Ms. Hamburg timely filed a complaint with the Department of Housing and Urban Development ("HUD"), alleging that the DOA was discriminating against her on the basis of her disability by refusing to grant her a reasonable accommodation for her emotional support animal.

3. HUD investigated Ms. Hamburg's complaint and determined that reasonable cause existed to believe that the DOA had violated the Fair Housing Act. On July 8, 2019, pursuant to 42 U.S.C § 3610(g)(2)(A), HUD issued a Determination of Reasonable Cause and Charge of Discrimination charging the DOA with engaging in discriminatory housing practices on the basis of disability.

4. On July 24, 2019, both the DOA and Hamburg elected to have the charge resolved in federal court pursuant to 42 U.S.C. § 3612(a).

5. On March 12, 2020 (following a series of tolling agreements) the United States filed a civil action against the DOA pursuant to 42 U.S.C. § 3612(o)(1), alleging, *inter alia*, that the DOA's failure to grant Ms. Hamburg and others reasonable accommodation for their emotional support animals violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*.

6. As an "aggrieved person with respect to the issues to be determined" in the civil action filed by the United States pursuant to 42 U.S.C. § 3612(o)(1), Ms. Hamburg is entitled to intervene as of right in that action. See 42 U.S.C. § 3612(o)(1).

7. Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, a copy of Ms. Hamburg's proposed Complaint in Intervention is attached hereto.

8. This motion is timely filed and will not unduly delay or prejudice the adjudication of the original parties' rights because no response to the Original Complaint has been filed, no Scheduling Order has been entered and no discovery has been conducted.

WHEREFORE, Louise Hamburg respectfully requests that this Honorable Court enter an order granting her leave to intervene in this matter as a party plaintiff and accept her Complaint in Intervention as filed as of the date of the Court's Order.

Respectfully submitted,

/s/ Alec B. Wright
PA ID# 316657

Law Office of Timothy P. O'Brien
Henry W. Oliver Building
535 Smithfield Street, Suite 1025

Pittsburgh, PA  15222
 (412) 232-4400

Attorney for Intervenor