**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **and** | : | |
| | : | |
| **LOUISE HAMBURG,** | : | |
| **Intervenor-Plaintiff,** | : | **CIV. NO. 20-1396** |
| | : | |
| **v.** | : | |
| | : | |
| **THE DORCHESTER OWNERS** | : | **JURY TRIAL DEMANDED** |
| **ASSOCIATION,** | : | |
| **Defendant.** | : | |

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

### NATURE OF THE ACTION

1.      Admitted only to the extent that Plaintiff has alleged violations of the Fair Housing Act.  The Dorchester Owners Association (the "DOA") denies any and all alleged violations of the Fair Housing Act, and all remaining allegations presented in Paragraph 1.

### JURISDICTION AND VENUE

2.      Denied.   The averments of Paragraph 2 of the Complaint set forth legal conclusions, to which no response is required.

3.      Denied.   The averments of Paragraph 3 of the Complaint set forth legal conclusions, to which no response is required.

### PARTIES AND PROPERTY

4.      Admitted.

5.      Denied.   The averments of Paragraph 5 of the Complaint set forth legal conclusions, to which no response is required.

6.      Admitted.

7.      Denied.  To the extent that the averments of this paragraph purport to interpret the Fair Housing Act, such statements are conclusions of law to which no response is required.  If a response is judicially required, after reasonable investigation the DOA is without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.  Accordingly, said averments are denied and strict proof thereof is demanded at trial.  By way of further response, Ms. Hamburg has not provided reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests.

8.      Denied as stated.  While Ms. Hamburg has owned a condominium at The Dorchester since 1999, she has not resided there for 10 years or more.  After reasonable investigation, the DOA is without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.  Accordingly, said averments are denied and strict proof thereof is demanded at trial.

## FACTUAL ALLEGATIONS

9.      Admitted.  By way of further response, Ms. Hamburg was made aware of the "no-pet" policy when she purchased her unit in 1999.

10.     Admitted in part, denied in part.  It is admitted that the DOA adopted a Reasonable Accommodation Policy which it amended from time to time.  The Plaintiff did not attach any "2009 Policy" to the Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by the term "2009 Policy" and, as such, denies any and all allegations referring to the term "2009 Policy."  The remaining averments of Paragraph 10 are denied, and strict proof thereof is demanded at trial.

To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied. By way of further response, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

11. Denied. The averments of Paragraph 11 of the Complaint set forth legal conclusions, to which no response is required. To the extent that the averments of this paragraph imply that Ms. Hamburg has provided reliable documentation to support her contention that she is disabled according to the Fair Housing Act or entitled to the use of an emotional support animal, those averments are denied.

12. Denied. The Plaintiff did not attach any "2009 Policy" to the Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by the term "2009 Policy" and, as such, denies any and all allegations referring to the term "2009 Policy." To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself. The remaining allegations of Paragraph 12 are denied, and strict proof thereof is demanded at trial. To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied. By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

13.     Denied.  The Plaintiff did not attach any "2009 Policy" to the Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by the term "2009 Policy" and, as such, denies any and all allegations referring to the term "2009 Policy."  To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself.  The remaining allegations of Paragraph 13 are denied, and strict proof thereof is demanded at trial.  To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied.  By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

14.     Denied.  To the extent that the averments of Paragraph 14 of the Complaint set forth legal conclusions, no response is required.  The Plaintiff did not attach any "2009 Policy" to the Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by the term "2009 Policy" and, as such, denies any and all allegations referring to the term "2009 Policy."  To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself.  The remaining allegations of Paragraph 14 are denied, and strict proof thereof is demanded at trial.  To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied.  By way of further answer, it is denied that any such DOA

policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

15.     Denied.  To the extent that the averments of Paragraph 15 of the Complaint set forth legal conclusions, no response is required.  The Plaintiff did not attach any "2009 Policy" to the Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by the term "2009 Policy" and, as such, denies any and all allegations referring to the term "2009 Policy."  To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself.  The remaining allegations of Paragraph 15 are denied, and strict proof thereof is demanded at trial.  To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied.  By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

16.     Denied.  The Plaintiff did not attach any "2009 Policy" to the Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by the term "2009 Policy" and, as such, denies any and all allegations referring to the term "2009 Policy."  To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself.  The remaining allegations of Paragraph 16 are denied, and strict proof thereof is demanded at trial.  To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied.  By

way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

17.     Admitted in part, denied in part.   It is admitted that the DOA implemented updates to its policy and its request form from time to time.  The Plaintiff did not attach any "2018 Policy" or "2018 Form" to its Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by its terms "2018 Policy" or "2018 Form," and as such, denies any and all allegations referring to its terms "2018 Policy" or "2018 Form."   To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself.   The remaining allegations of Paragraph 17 are denied, and strict proof thereof is demanded at trial.   To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied.  By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

18.     Denied as stated.  The Plaintiff did not attach any "2018 Policy" or "2018 Form" to its Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by its terms "2018 Policy" or "2018 Form," and as such, denies any and all allegations referring to its terms "2018 Policy" or "2018 Form." To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself.  The remaining allegations

of Paragraph 18 are denied, and strict proof thereof is demanded at trial. To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied. By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

19. Denied as stated. The Plaintiff did not attach any "2018 Policy" or "2018 Form" to its Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by its terms "2018 Policy" or "2018 Form," and as such, denies any and all allegations referring to its terms "2018 Policy" or "2018 Form." To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself. The remaining allegations of Paragraph 19 are denied, and strict proof thereof is demanded at trial. To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied. By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

20. Admitted in part, denied in part. To the extent that the averments of Paragraph 20 of the Complaint set forth legal conclusions, no response is required. It is admitted that the DOA adopted an updated Reasonable Accommodation Policy in April 2019. The Plaintiff did not attach any "2019 Policy" or any "2009 Form" to its Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by its terms "2019 Policy" or "2009 Form" and, as such, denies any and all allegations referring

to the terms "2019 Policy" or "2009 Form." To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself. The remaining allegations of Paragraph 20 are denied, and strict proof thereof is demanded at trial. To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied. By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

21.     Denied as stated. The Plaintiff did not attach any "2019 Policy" or any "2009 Form" to its Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by its terms "2019 Policy" or "2009 Form" and, as such, denies any and all allegations referring to the terms "2019 Policy" or "2009 Form." To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself. The remaining allegations of Paragraph 20 are denied, and strict proof thereof is demanded at trial. To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied. By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

22.     Admitted in part, denied in part. To the extent that the averments of Paragraph 22 of the Complaint set forth legal conclusions, no response is required. It is admitted that the DOA adopted an updated Reasonable Accommodation Policy in March 2020. The DOA submitted the

updated policy to Plaintiff and its counsel, Mazen M. Basrawi, Esquire, inviting comments and suggestions from Plaintiff and Mr. Basrawi. To date, neither Plaintiff nor its counsel has responded to that invitation, despite the DOA's follow-up invitations to do so. Furthermore, Plaintiff did not attach any "2020 Policy" to its Complaint and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief about what Plaintiff means by its term "2020 Policy" and, as such, denies any and all allegations referring to the term "2020 Policy." To the extent that the averments of this paragraph purport to interpret a written document, the DOA denies that interpretation because that writing speaks for itself. The remaining allegations of Paragraph 22 are denied, and strict proof thereof is demanded at trial. To the extent that the averments of this paragraph imply that the DOA was not in compliance with the Fair Housing Act or analogous laws, those averments are denied. By way of further answer, it is denied that any such DOA policy took the place of, or superseded, the parties' obligations under the Fair Housing Act, including the obligation to engage in an interactive process.

23.     Denied. To the extent that the averments of Paragraph 23 of the Complaint set forth legal conclusions, no response is required. By way of further response, Ms. Hamburg has not provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal.

24.     Denied. After reasonable investigation the DOA is without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph. Accordingly, said averments are denied and strict proof thereof is demanded at trial. By way of further response, Ms. Hamburg has not provided the DOA with reliable documentation in support of her alleged

diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 24 are denied, and strict proof thereof is demanded at trial.

25.     Denied.  After reasonable investigation the DOA is without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.  Accordingly, said averments are denied and strict proof thereof is demanded at trial.  By way of further response, Ms. Hamburg has not provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 25 are denied, and strict proof thereof is demanded at trial.

26.     Denied.  To the extent that the averments of this paragraph purport to interpret emails and/or letters, the DOA denies that interpretation because such documents are writings that speak for themselves.  By way of further response, Ms. Hamburg has not provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests.  The remaining allegations of Paragraph 26 are denied, and strict proof thereof is demanded at trial.

27.     Denied.  To the extent that the averments of this paragraph purport to interpret emails and/or letters, the DOA denies that interpretation because such documents are writings that speak for themselves.  It is denied that Ms. Hamburg has provided The DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests.  The remaining allegations of Paragraph 27 are denied, and strict proof thereof is demanded at trial.  By way of further response, in 2016 the

State of California Board of Behavioral Sciences commenced an investigation of Carla Black due to a series of allegations of misconduct in writing emotional support animal prescriptions. The investigation resulted in an administrative action against Carla Black that concluded with the Board revoking her license. Said revocation was stayed subject to Ms. Black's compliance with three years of probation, which included a prohibition on conducting a telemedicine practice. *See* Ex. "A," C.B. Disciplinary Decision and Order.

28.     Denied.   By way of further response, the DOA incorporates its Answer to Paragraph 27, *supra*.   The remaining allegations of Paragraph 28 are denied, and strict proof thereof is demanded at trial.

29.     Denied.   To the extent that the averments of this paragraph purport to interpret emails and/or policies, the DOA denies that interpretation because such documents are writings that speak for themselves.   It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests.   The remaining allegations of Paragraph 29 are denied, and strict proof thereof is demanded at trial.

30.     Denied.   To the extent that the averments of this paragraph purport to interpret emails, the DOA denies that interpretation because such documents are writings that speak for themselves.   It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests.   The remaining allegations of Paragraph 30 are denied, and strict proof thereof is demanded at trial.

31. Denied. To the extent that the averments of this paragraph purport to interpret emails, letters and/or forms, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg was unable to complete the form sent to her by the DOA, or that she has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 31 are denied, and strict proof thereof is demanded at trial.

32. Denied. To the extent that the averments of this paragraph purport to interpret emails, letters and/or forms, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 32 are denied, and strict proof thereof is demanded at trial.

33. Denied. To the extent that the averments of this paragraph purport to interpret emails, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 33 are denied, and strict proof thereof is demanded at trial.

34. Denied. To the extent that the averments of this paragraph purport to interpret emails, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in

support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 34 are denied, and strict proof thereof is demanded at trial.

35. Denied. To the extent that the averments of this paragraph purport to interpret emails, applications, forms, annotations or other documents, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg was unable to complete the form sent to her by the DOA, or that she has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 35 are denied, and strict proof thereof is demanded at trial.

36. Denied. To the extent that the averments of this paragraph purport to interpret emails, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg was unable to complete the form sent to her by the DOA, or that she has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 36 are denied, and strict proof thereof is demanded at trial.

37. Denied. To the extent that the averments of this paragraph purport to interpret emails, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. By way of further response, the DOA attempted to engage Ms. Hamburg

13

for more information that might support her request for a reasonable accommodation. Ms. Hamburg chose not to cooperate and failed to meet her obligation to engage in the interactive process with the DOA. The remaining allegations of Paragraph 37 are denied, and strict proof thereof is demanded at trial.

38. Denied. The DOA, and indeed the Plaintiff, is without any knowledge of what Ms. Hamburg believed when she chose not to respond to Ms. Yonekawa's February 7, 2018 email. By way of further response, Ms. Hamburg has not provided the DOA with reliable documentation in support of her alleged diagnosis or need for an emotional support animal, despite the DOA's many requests. Furthermore, the DOA attempted to engage Ms. Hamburg for more information that might support her request for a reasonable accommodation. Ms. Hamburg chose not to cooperate and failed to meet her obligation to engage in the interactive process with the DOA. The remaining allegations of Paragraph 38 are denied, and strict proof thereof is demanded at trial.

39. Admitted, upon information and belief.

40. Denied. To the extent that the averments of this paragraph purport to interpret emails, letters or other documents, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. The remaining allegations of Paragraph 40 are denied, and strict proof thereof is demanded at trial.

41. Denied. To the extent that the averments of this paragraph purport to interpret emails or other documents, the DOA denies that interpretation because such documents are

writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. By way of further response, the DOA attempted to engage Ms. Hamburg for more information that might support her request for a reasonable accommodation. Ms. Hamburg chose not to cooperate and failed to meet her obligation to engage in the interactive process with the DOA. The remaining allegations of Paragraph 41 are denied, and strict proof thereof is demanded at trial.

42. Denied. To the extent that the averments of this paragraph purport to interpret emails, forms, letters, applications or other documents, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. By way of further response, the DOA attempted to engage Ms. Hamburg for more information that might support her request for a reasonable accommodation. Ms. Hamburg chose not to cooperate and failed to meet her obligation to engage in the interactive process with the DOA. The remaining allegations of Paragraph 42 are denied, and strict proof thereof is demanded at trial.

43. Denied. To the extent that the averments of this paragraph purport to interpret emails, letters or other documents, the DOA denies that interpretation because such documents are writings that speak for themselves. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. By way of further response, the DOA attempted to engage Ms. Hamburg for more information that might support her request for a

reasonable accommodation. Ms. Hamburg chose not to cooperate and failed to meet her obligation to engage in the interactive process with the DOA. The remaining allegations of Paragraph 43 are denied, and strict proof thereof is demanded at trial.

44. Denied. To the extent that the averments of this paragraph purport to interpret emails, letters, applications or other documents, the DOA denies that interpretation because such documents are writings that speak for themselves. The DOA, and indeed, the Plaintiff, is without information as to what Ms. Hamburg believed at the time she chose not to respond to Ms. Yonekawa's April 1, 2019 email, and to Ms. Yonekawa's other inquiries. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. By way of further response, the DOA attempted to engage Ms. Hamburg for more information that might support her request for a reasonable accommodation. Ms. Hamburg chose not to cooperate and failed to meet her obligation to engage in the interactive process with the DOA. The remaining allegations of Paragraph 44 are denied and strict proof thereof is demanded at trial.

45. Admitted in part, denied in part. It is admitted that the DOA has not granted Ms. Hamburg's request for accommodation, and that, in accordance with the applicable governing provisions of The Dorchester's August 22, 1979 Declaration of Condominium and The Dorchester Owners Association Community Rules and Regulations, Ms. Hamburg should not bring an animal into The Dorchester. It is denied that Ms. Hamburg has provided the DOA with reliable documentation in support of her alleged diagnosis or alleged need for an emotional support animal, despite the DOA's many requests. By way of further response, the DOA

attempted to engage Ms. Hamburg for more information that might support her request for a reasonable accommodation. Ms. Hamburg chose not to cooperate and failed to meet her obligation to engage in the interactive process with the DOA. The remaining allegations of Paragraph 45 are denied, and strict proof thereof is demanded at trial.

46. Denied. Plaintiff has not identified the "[t]wo other owners" and, accordingly, the DOA is without information, knowledge or belief sufficient to form a belief as to the truth or falsity of the averments of Paragraph 46. Accordingly, those averments are denied, and strict proof thereof is demanded at trial.

47. Denied. It is denied that HUD conducted or completed a reasonable investigation or attempted a reasonable conciliation. The DOA denies any and all alleged violations of the Fair Housing Act. The remaining averments of Paragraph 47 of the Complaint set forth legal conclusions, to which no response is required. By way of further response, in March 2020 the DOA submitted an updated policy to Plaintiff and its counsel, Mazen M. Basrawi, Esquire, inviting comments and suggestions from Plaintiff and Mr. Basrawi. To date, neither Plaintiff nor its counsel has responded to that invitation, despite the DOA's follow-up invitations to do so.

48. Denied. The averments of Paragraph 48 of the Complaint set forth legal conclusions, to which no response is required.

49. Denied as stated. To the extent that the averments of this paragraph reference and purport to interpret Agreements that are not attached to Plaintiff's Complaint, the DOA denies that interpretation because such documents are writings that speak for themselves.

<u>COUNT I</u>

50.     The DOA incorporates its answers, denials and averments set forth in the preceding paragraphs as if more fully set forth herein.

51.     Denied.     The averments of Paragraph 51 of the Complaint set forth legal conclusions, to which no response is required.

52.     Denied.     The averments of Paragraph 52 of the Complaint set forth legal conclusions, to which no response is required.

53.     Denied.     The averments of Paragraph 53 of the Complaint set forth legal conclusions, to which no response is required.

<u>COUNT II</u>

53 [sic].         The DOA incorporates its answers, denials and averments set forth in the preceding paragraphs as if more fully set forth herein.

54.     Denied.     The averments of Paragraph 54 of the Complaint set forth legal conclusions, to which no response is required.

55.     Denied.     The averments of Paragraph 55 of the Complaint set forth legal conclusions, to which no response is required.

56.     Denied.     The averments of Paragraph 56 of the Complaint set forth legal conclusions, to which no response is required.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant, The Dorchester Owners Association, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.

**AFFIRMATIVE DEFENSES**

AFFIRMATIVE DEFENSE NO. 1

At all times relevant, the DOA has complied with the Fair Housing Act and analogous state and local laws.

AFFIRMATIVE DEFENSE NO. 2

At all times relevant, the DOA has made a good-faith effort to comply with the Fair Housing Act and analogous state and local laws.

AFFIRMATIVE DEFENSE NO. 3

Ms. Hamburg has alleged that she has been diagnosed with a non-obvious mental/emotional disability, *i.e.* "generalized anxiety disorder." As such, when she requested an emotional support animal the DOA was entitled, and obligated, to engage in an inquiry into her need for an emotional support animal, and to request reliable medical documentation to assess her request for an emotional support animal.

AFFIRMATIVE DEFENSE NO. 4

Ms. Hamburg has not provided reliable documentation to support her contention that she is a person with a disability, as defined by the Fair Housing Act.

AFFIRMATIVE DEFENSE NO. 5

Ms. Hamburg has not provided reliable documentation to support her requested accommodation, *i.e.* an exemption to the applicable governing provisions of The Dorchester's August 22, 1979 Declaration of Condominium and The Dorchester Owners Association Community Rules and Regulations.

## AFFIRMATIVE DEFENSE NO. 6

The DOA sought information from Ms. Hamburg to assess her request for a reasonable accommodation. Ms. Hamburg failed or refused to participate in the interactive process, often rebuking or criticizing the DOA and/or its management, staff and representatives.

## AFFIRMATIVE DEFENSE NO. 7

Ms. Hamburg's requested accommodation was not necessary to afford her an opportunity to use and enjoy her dwelling at The Dorchester.

## AFFIRMATIVE DEFENSE NO. 8

Ms. Hamburg did not provide sufficient information regarding her alleged disability and her alleged need for the accommodation she requested.

## AFFIRMATIVE DEFENSE NO. 9

Ms. Hamburg has not sustained recoverable damages.

## AFFIRMATIVE DEFENSE NO. 10

Ms. Hamburg has failed to mitigate her damages, if any.

## AFFIRMATIVE DEFENSE NO. 11

The Court should not grant injunctive relief because Ms. Hamburg has acted inequitably by failing to engage with the DOA in the "interactive process" that HUD encourages.

## AFFIRMATIVE DEFENSE NO. 12

The DOA has adopted different policies and procedures governing assistance and service animals as part of its ongoing efforts to comply with the Fair Housing Act and analogous laws. The policies do not supplant or modify any persons' or entities' rights or obligations under the Fair Housing Act and analogous laws.

## AFFIRMATIVE DEFENSE NO. 13

When an applicant requests a reasonable accommodation in the form of an assistance animal, such request is submitted by the DOA's staff to its Council, which consults with legal counsel in assessing the application.

## AFFIRMATIVE DEFENSE NO. 14

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## AFFIRMATIVE DEFENSE NO. 15

Upon information and belief, Ms. Hamburg has not resided in The Dorchester since at least 2010.

## AFFIRMATIVE DEFENSE NO. 16

Upon information and belief, Ms. Hamburg has chosen to reside in Miami, Florida and/or Chicago, Illinois since at least 2013.

## AFFIRMATIVE DEFENSE NO. 17

No representative of the United States Attorney's Office for the Eastern District of Pennsylvania or the United States Department of Justice's Philadelphia Office have signed Plaintiff's Complaint.

## AFFIRMATIVE DEFENSE NO. 18

Discovery is ongoing, and the DOA reserves the right to plead additional affirmative defenses as may be determined through discovery.

WHEREFORE, The DOA respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY
& KRAMER LLP**

DATE: __7/15/2020__          /s/ Paul C. Troy_____
                              Paul C. Troy, Esquire
                              Thomas J. Zimmerman, Esquire
                              Attorneys for The Dorchester Owners Association

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **and** | : | |
| | : | |
| **LOUISE HAMBURG,** | : | |
| **Intervenor-Plaintiff,** | : | **CIV. NO. 20-1396** |
| | : | |
| **v.** | : | |
| | : | |
| **THE DORCHESTER OWNERS** | : | **JURY TRIAL DEMANDED** |
| **ASSOCIATION,** | : | |
| **Defendant.** | : | |

## CERTIFICATE OF SERVICE

I, PAUL C. TROY, ESQUIRE, certify that a true and correct copy of Defendant's

**Answer with Affirmative Defenses** was served upon all counsel of record and unrepresented

parties in the instant proceedings via the Court's e-filing system, as follows:

Mazen Basrawi, Esquire
Dept. of Justice, Civil Rights Division
Housing and Enforcement Section
4 Constitution Square
150 M St. NE/6.1134
Washington, DC 20530
*Attorney for Plaintiff*

Margaret S. Coleman, Esquire
Alec B. Wright, Esquire
Law Offices of Timothy P. O'Brien
Henry W. Oliver Building
535 Smithfield Street, Suite 1025
Pittsburgh, PA 15222
*Attorneys for Intervenor-Plaintiff*

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY
& KRAMER LLP**

DATE: _July 15, 2020_

/s/ Paul C. Troy
Paul C. Troy, Esquire
Thomas J. Zimmerman, Esquire