IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, LOUISE HAMBURG – PLAINTIFF-INTERVENOR<br><br>v.<br><br>THE DORCHESTER OWNERS ASSOCIATION | CIVIL ACTION<br><br>NO. 20-1396 |
|---|---|

**MEMORANDUM RE: MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                         **December 16, 2021**

Plaintiff United States has moved for partial summary judgment as to liability in its claim against the Defendant for unlawful discrimination on the basis of disability in violation of the Fair Housing Act. The Court has reviewed the Memorandum filed by the United States (Doc. No. 84), the Defendant's Response (Doc. No. 97), and the United States' Reply Brief (Doc. No. 104).

The Court concludes that, although the Defendant's policies may be facially discriminatory in part, granting partial summary judgment is not possible under Rule 56, for the following reasons:

1. Plaintiff has the burden of proof, and thus, the Court must take the evidence, at this point, in the light most favorable to the Defendant.

2. Concerning the applicability of Rule 56, the Court finds that there are genuine issues of material fact on a number of issues of which liability may depend.

1

3.  Although the Government has cited several Third Circuit cases, none of these is a precedential opinion that affirmed a grant of summary judgment in favor of the United States in any similar cases.

- Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100 (3d Cir. 2018) (affirming motion to dismiss where condominium unit owner failed to establish that her request for accommodation was essential, as opposed to merely preferable, in light of the alternatives offered by condominium association)

- Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170 (3d Cir. 2005) (reversing summary judgment granted on behalf of a caretaker services organization for its claim against a municipal agency for failing to provide reasonable accommodations where issues of material fact remained as to whether the organization submitted a valid accommodation request)

- Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp. of Scotch Plains, 284 F.3d 442 (3d Cir. 2002) (affirming summary judgment for township zoning board that denied an organization's requested use variance to build an elderly handicapped facility on the basis that Plaintiff failed to assert that the requested accommodation was necessary and the board had established that the accommodations sought were unreasonable)

4.  The Defendant's Brief, and accompanying Exhibits, raise a number of factual issues on several topics, such as whether the stated residents were actually disabled within the meaning of the Fair Housing Act, whether their requested accommodations were necessary in light of their alleged disabilities, and whether the alleged discriminatory ban of emotional support animals actually interfered with the residents' opportunity to use and enjoy their

2

dwellings. It is more appropriate for a jury to weigh the credibility of the assertions made by Dorchester residents' psychologists and the veracity of the claims asserted in their accommodation request letters. These fact-intensive inquiries are inappropriate for this Court to address at the summary judgment stage.

5. It also appears from the papers that this is an evolving situation, and that some past practices from the Dorchester have been modified or changed, such that it would not be appropriate to find liability in favor of the Plaintiff at this time, prior to trial.

6. Generally, the Court finds that in an issue of public importance, such as presented here, it would be more beneficial to have a trial with testimony by witnesses and arguments by counsel in open court setting forth the Government's position on enforcement of the Fair Housing Act in high-rise apartment buildings in major cities such as Philadelphia. This case is more appropriate for the presentation of evidence in a public forum, and the Court issuing a ruling based on a full trial record with examination and cross examination of witnesses.

For these reasons, the Court will enter an Order denying the Government's Motion for Partial Summary Judgment without Prejudice. The Court will also direct the parties to engage in settlement discussions with Judge Strawbridge, as a resolution of the Government's claims may be feasible and make a trial unnecessary, resulting in an agreement that could be a standard for other large apartment houses throughout the United States.

O:\CIVIL 20\20-1396 United States v Dorchester\20cv1396 Memorandum re motion for partial sj.docx