IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** <br> Plaintiff, <br> and <br><br> **LOUISE HAMBURG** <br><br> v. <br><br> **THE DORCHESTER OWNERS ASSOCIATION,** <br> Defendant, | **CIVIL ACTION** <br><br> **NO. 20-1396** |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                          **March 22, 2022**

This case concerns Plaintiff United States' and Plaintiff-Intervenor Louise Hamburg's ("Ms. Hamburg") (collectively, the "Plaintiffs") allegations that the Dorchester Owners Association ("DOA") discriminated against Ms. Hamburg on the basis of a disability, in violation of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq. ("Fair Housing Act" or "FHA"), by failing to grant her an accommodation in the form of an emotional support animal ("ESA").

**I.      Introduction**

On March 12, 2020, the United States filed a complaint in which it alleged that DOA violated the FHA by purportedly failing to create ESA-accommodation exemptions to its "no-pet" policy. See Compl. (ECF 1). The United States claims that DOA failed to "make reasonable accommodations in rules, policies, practices, or services," to Ms. Hamburg—i.e., by granting her an exception to the "no pets" policy for the allowance of a dog, where such an accommodation

was necessary to afford Ms. Hamburg "equal opportunity to use and enjoy a dwelling—in violation of 42 U.S.C. § 3604(f)(3)(B)." Id. at ¶ 51. It also claims that DOA violated 42 U.S.C. §3604(f)(1) for having "otherwise made unavailable or denied dwellings because of a disability," 42 U.S.C. § 3604(f)(2) for "discriminat[ing] against persons in the terms, conditions or privileges of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability," and 42 U.S.C. § 3614(a) for conduct constituting "a pattern or practice of resistance to the full enjoyment of rights granted by the [FHA]." Id. at ¶¶ 50-56. On June 4, 2020, Ms. Hamburg filed a Complaint in Intervention, bringing claims under 42 U.S.C. § 1604. See Compl. in Intervention (ECF 9). She also seeks to enjoin DOA from further violations under the FHA, as well as a declaration that DOA's conduct was in violation of the FHA. Id.

On June 30, 2021, the United States moved for partial summary judgment as to DOA's liability under 42 U.S.C. §§ 3604(f)(3)(B), 3604(f)(2), and 3614(a). See Mot. (ECF 84). The Court denied the motion on the ground that there existed factual disputes inappropriate for the Court to determine at the summary judgment stage. See Order (ECF 115). The Court cited three Third Circuit decisions, along with a summary of the factual contentions, that led the Court to conclude that, under Fed. R. Civ. P. 56, partial summary judgment could not be granted. See Mem. (ECF 114).

DOA has also moved for summary judgment. See DOA Mot. for Summary Judgment (ECF 86). DOA asserts that "Plaintiffs have failed to adduce evidence to show that the DOA (1) discriminated against Ms. Hamburg because of a purported disability or (2) failed to accommodate a legitimate request for accommodation." Id. at 1 (emphasis omitted). According to DOA, the facts are undisputed that it "attempted to engage in the interactive process with Ms. Hamburg, but

she was unable to provide the appropriate support—or any reliable support—to demonstrate a genuine need for an ESA." Id. (emphasis omitted). DOA further argues that there is no evidence that Ms. Hamburg either (1) has a disability or (2) has a disability-related need for an ESA. Id. DOA's motion focused on Ms. Hamburg's claims and did not address the United States' "pattern or practice" claim. See id. at 1 n.1.

DOA asserts its attempted interactive process failed because Ms. Hamburg chose not to participate and elected not to respond to DOA's inquiries and, ultimately, Ms. Hamburg failed to provide reliable documentation in support of her request for accommodation. See id. at 4, 12.

## II.     Legal Standard[1]

The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable" a dwelling because of a person's disability or to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of [the disability] of . . . a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available." 42 U.S.C. §§ 3604(f)(1) and 3604(f)(2). Conduct qualifying as "discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a person with a disability] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). The Third Circuit has held that plaintiffs pursuing a claim

---

[1]     Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party." Id.

under § 3604(f) may bring three general types of claims: (1) intentional discrimination claims (also known as disparate treatment claims) under § 3604(f)(2); (2) disparate impact claims under § 3604(f)(2); and (3) claims that a defendant refused to make "reasonable accommodations," which arise under § 3604(f)(3)(B). Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 176 (3d Cir. 2005) (explaining and distinguishing between types of disability discrimination claims under the FHA).

Pursuant to the FHA and the relevant United States Department of Housing and Urban Development (HUD) guidance, an individual requesting an ESA accommodation must present credible, reliable information that shows: (1) she has a disability, (2) that substantially limits one or more major life activities, and (3) that she has a legitimate, disability-related need for an ESA. See, e.g., DOA Mot., Ex. B (FHEO-2020-01). Under Third Circuit precedent, a court evaluating a "reasonable accommodations" claim under § 3604(f)(3)(B) must consider "whether the requested accommodation is '(1) reasonable and (2) necessary to (3) afford handicapped persons an equal opportunity to use and enjoy housing." Id. at 184 n.12 (quoting Lapid-Laurel, LLC v. Zoning Bd. of Adjustment of Tp. of Scotch Plains, 284 F.3d 442, 457 (3d Cir. 2002)); cf. Castillo Condo. Ass'n v. U.S. Dep't of Hous. & Urban Dev., 821 F.3d 92, 98 (1st Cir 2016) (establishing a claim for failure to provide a reasonable accommodation requires plaintiff to demonstrate that: (1) he is a person with a disability; (2) defendants "knew or should have known that he was a person with a disability; (3) his requested ESA "was reasonable and necessary to afford him an equal opportunity to use and enjoy his dwelling; and (4) defendants "nonetheless refused to provide a reasonable accommodation"). A plaintiff has a "handicap" for purposes of the FHA if she (1) has a "physical or mental impairment which substantially limits one or more . . . major life activities,"

4

such as seeing, hearing, walking, breathing, performing manual tasks, caring for oneself, learning, speaking, or working; (2) has "a record of having such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 3602(h); accord 24 C.F.R. § 100.201(b). "An accommodation is necessary if, without the accommodation, the plaintiff will be denied an equal opportunity to obtain [or use, or enjoy] the housing of her choice." Vorchheimer, 903 F.3d at 110 (internal quotations omitted).

Plaintiff asserts it has identified sufficient evidence for a trier of fact to find in its favor with respect to each of these elements, which prevents granting summary judgment. The United States opposes DOA's Motion for Summary Judgment concerning Ms. Hamburg because a reasonable jury could find that: (1) Ms. Hamburg requested and was entitled to a reasonable accommodation for her ESA; and (2) the Dorchester has refused to grant that accommodation. See Resp. (ECF 95).

## III. Factual Issues[2]

On Christmas night of 2017, Ms. Hamburg, who owned a condominium unit at the Dorchester, emailed the Dorchester's general manager to notify DOA of her plan to bring a dog into the Dorchester. She attached a copy of a May 17, 2017 letter from Carla Black, written on stationary that stated her practice was located in Los Angeles, California. At the time, Ms. Hamburg resided in Miami, Florida.

---

[2] All facts, unless otherwise indicated, are taken from DOA's Statement of Undisputed Facts (ECF 86) or the United States' Additional Undisputed Material Facts (ECF 95), and are viewed in the light most favorable to the non-moving party.

DOA contends that the undisputed facts show that Ms. Hamburg did not present sufficient information for the DOA to determine whether she qualified for a reasonable accommodation in the form of an ESA and, since the litigation commenced, she has not adduced evidence sufficient to show that she is disabled and that she has a disability-related need for an ESA. DOA contends the subsequent documentation that Ms. Hamburg submitted in support of her ESA request likewise failed to satisfy the requirements of the FHA or relevant HUD guidance.

There is evidence in the record that Ms. Hamburg is a person with a disability who needs an assistance animal in her home. Ms. Hamburg suffers from Generalized Anxiety Disorder with Panic Attacks, Pl.'s SUF ¶¶1-2, 18, 26, which substantially limits her ability to work, care for herself, eat and sleep properly, and form and maintain social relationships, id. at ¶¶ 2, 30. Ms. Hamburg began attending weekly counseling sessions with V.S., a life coach, in 2013 to help manage her anxiety. Id. at ¶ 6.

There is some evidence that Ms. Hamburg was a person with a disability at the time that she renewed her request for a reasonable accommodation on July 20, 2018, and that she remains a person with a disability today. See, e.g., id. at ¶¶ 15-16. There are also fact issues as to the bonafides of Ms. Hamburg being a resident of the Dorchester, that may impact the sufficiency of her facts as supporting the legal claims of the United States.

**IV.   Discussion**

Defendant bears the burden of proving that the requested accommodation is unreasonable. Lapid-Laurel, L.L.C., 284 F.3d at 446 (adopting burden-shifting analysis where "the plaintiff bears the initial burden of showing that its requested accommodations are 'necessary to afford [handicapped] person[s] [an] equal opportunity to use and enjoy a dwelling, at which point the

6

burden shifts to the defendant to show that the requested accommodations are unreasonable.") (quoting 42 U.S.C. § 3604(f)(3)(B)); accord Vorchheimer, 903 F.3d at 112. And it is well established that among the accommodations that "may be necessary" under the FHA are accommodations from no-pet policies for assistance animals, including "the use of an emotional support animal in one's own home, despite the existence of a rule, policy or law prohibiting such an animal." Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 110 (3d Cir. 2017).

At oral argument on DOA's Motion for Summary Judgment on March 18, 2022, counsel discussed the written questions that had been sent to counsel prior to the argument. See Letter dated March 15, 2022 (ECF 118). As to the nature of this case, the United States asserts that although it is brought on behalf of Ms. Hamburg as an individual, the United States is also making allegations of a "pattern and practice." If for any reason Ms. Hamburg is no longer a Plaintiff, the United Sates would continue to pursue this case. The United States also indicated that it had requested a jury trial, and although DOA is willing to waive a jury trial, the Court concludes that the Seventh Amendment requires a jury trial in this case as Ms. Hamburg is seeking damages. Additionally, there was extensive discussion at the argument concerning the status of Ms. Hamburg on two separate issues. First, whether she was truly a "handicapped" person; and second, whether she would live at the Dorchester in Philadelphia if granted the ESA accommodation.

On the first issue, Plaintiff presented a letter dated July 19, 2018 from Ms. Hamburg's treating physician, Dr. James McClymonds, a clinical psychologist in Chicago, who indicated that he is familiar with Ms. Hamburg and that she has "functional impairments imposed by her emotional/mental illness, as defined in the Diagnostic and Statistical Manual of Mental Disorders

7

– Fifth Edition (DSM-5)." DOA Mot. Ex. 12 at 27. Dr. McClymonds further states that she has difficulty due to this emotional/mental disability and has certain limitations. Id. He prescribed that she should have an ESA. Id. (noting that "[t]he presence of this animal is necessary for the emotional/mental health of Ms. Hamburg because its presence will mitigate the symptoms she is currently experiencing."). This witness has made additional and more recent statements to the same effect. Although DOA argues that this is insufficient evidence to show that Ms. Hamburg is handicapped, the Court disagrees and finds, given that Dr. McClymonds has testified in a sworn declaration, dated July 28, 2021, see Resp., Ex. G, there is a genuine dispute of material fact as to whether Ms. Hamburg is handicapped that precludes summary judgment under Rule 56.

      To the second issue as to whether Ms. Hamburg is a legitimate plaintiff in this case, there is evidence that she was initially denied a reasonable accommodation of an ESA by the Dorchester some years ago, and the claim for damages arises out of that denial, and according to her counsel and deposition testimony, that refusal has continued. DOA asserts that it has made efforts to give Ms. Hamburg a reasonable accommodation and has had discussions with her, but she has failed to provide necessary information. The United States, with appropriate citations, asserts that the Defendants are not entitled to that type of information. Nonetheless, the fact remains that Ms. Hamburg has not lived at the Dorchester for many years and, in fact, has not visited there in at least the last 9 years. Her attorney said she would like to live there for periods of time but does not intend to permanently reside at the Dorchester. This also presents an issue of fact as to the bonified use of her residence, but she may have a claim of damages for the Dorchester's refusal to provide a reasonable accommodation at an earlier point in time.

Defendant cited at the hearing the case of Baird v. 1600 Church Rd. Condo. Ass'n, No. 17-4792, 2017 WL 5570333 (E.D. Pa. Nov. 17, 2017), issued by Judge Surrick of this Court, which discussed a claim under the Americans with Disabilities Act ("ADA") by a plaintiff who asserted a need for an ESA in her condominium residence. After Judge Surrick held that the ADA did not apply to this type of claim, he considered the merits of the case as if it had been brought pursuant to the FHA, under which this case is proceeding. Judge Surrick found that the Plaintiff had failed to present sufficient evidence, particularly any medical evidence, that that she had a "handicap." That case is not of use here because Dr. McClymonds, in addition to the aforementioned letter, filed a very substantive 3-page declaration, dated July 28, 2021, detailing reasons for his conclusion that Ms. Hamburg has a handicap and should be assisted by an ESA. See Resp., Ex. G.

Also at the hearing, the Court raised the issue of any other witnesses who would be called at a trial. Counsel identified 3 such individuals, who will not be named in this Memorandum, but it is clear from the statements of both counsel that there are disputed facts as to these 3 individuals; another reason why summary judgment is improper.

**V.    Conclusion**

Counsel at the argument also did not disagree with the Court's conclusion, after substantial research, that there is no precedent by the Third Circuit for granting summary judgment in a case of this nature, with these facts. Further, counsel could not cite any district court decision which granted summary judgment on a similar claim of discrimination, based on the lack of an ESA.

As the Court stated in denying the United States its Motion for Partial Summary Judgment, see Mem. and Order (ECF 114 & 115), disability and reasonable accommodation issues are

important public issues about the enforcement of the Congressional efforts to protect persons with handicaps, and are best resolved on a full trial record including cross examination of witnesses, and a decision by a jury, with appropriate legal instructions.  For these reasons, the Court will deny DOA's Motion for Summary Judgment.

A reasonable jury could find the requested accommodation was necessary to afford Ms. Hamburg an equal opportunity to use and enjoy her residence.  A reasonable accommodation is "necessary" within the meaning of the FHA when it is "essential" and not merely "preferable" to afford a person with a disability an equal opportunity to use and enjoy the dwelling of his or her choice.  Vorchheimer, 903 F.3d at 107.  The same jury could also find DOA made "reasonable" efforts to accommodate Ms. Hamburg or she refused to engage.

A reasonable jury could find that DOA refused and continues to refuse to grant Ms. Hamburg's requested accommodation.  A "refusal" to provide a reasonable accommodation "may be actual or constructive" and an "undue delay" can constitute a refusal.  Revock, 853 F.3d at 110-111 (citations and internal quotation marks omitted).

O:\CIVIL 20\20-1396 United States v Dorchester\20cv1396 Memorandum re Motion for SJ.docx