IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | NO. 2:20-cv-01396-MMB |
| Plaintiff, | : | |
| LOUISE HAMBURG, | : | |
| Plaintiff-Intervenor, | : | |
| v. | : | |
| THE DORCHESTER OWNERS' ASSOCIATION, | : | |
| Defendant. | : | CIVIL ACTION |

**PLAINTIFF UNITED STATES' STATEMENT OF DAMAGES WITH RESPECT TO ITS CLAIMS ON BEHALF OF BERNARD AND CYNTHIA HALPERN**

In accordance with the instructions given by the Court at the September 8, 2022 bench trial on damages and the Court's September 9, 2022 Order, ECF No. 255, the United States submits the following statement on the damages that should be awarded to Bernard and Cynthia Halpern by the trier of fact,[1] as well as a Timeline of Events Regarding the Halperns' Requests for a Reasonable Accommodation for an Emotional Support Animal and a Calendar of the Halperns' Location (Estimated) from 2018 to 2022, attached hereto as **Exhibit A** and **Exhibit B**, respectively.

Section 3614(d)(1)(B) of the Fair Housing Act provides that in an action brought by the

---

[1] For the reasons set forth in ECF Nos. 228 and 237, the United States' damage claims on behalf of Bernard and Cynthia Halpern pursuant to 42 U.S.C. § 3614(a) & (d) should be tried to a jury under the applicable law, including binding decisions of the Supreme Court and the Third Circuit. See ECF No 228 at 17-19 and ECF 237 at 9 (citing *inter alia Curtis v. Loether*, 415 U.S. 189 (1974), *Pichler v. UNITE*, 542 F.3d 380 (3d Cir. 2008), and *United States v. Balistrieri*, 981 F.2d 916 (7th Cir. 1992)). *See also* ECF No. 172 at 12–14. The United States continues to object to the Court serving as the trier of fact with respect to its damages claims on behalf of the Halperns. Notwithstanding and without waiving this objection, the United States submits this statement in the event that the Court rejects the United States' continued request that the Court allow its damage claims on behalf of the Halperns to be tried to a jury.

United States pursuant to 42 U.S.C. § 3614(a), the Court "may award such other relief as the court deems appropriate, including monetary damages to persons aggrieved." Monetary damages for aggrieved persons include economic damages, damages from emotional harm and stress, and punitive damages. *Alexander v. Riga*, 208 F.3d 419, 430-31 (3d Cir. 2000) (discussing punitive damages); *New Jersey Coal. of Rooming & Boarding House Owners v. Mayor & Council of City of Asbury Park*, 152 F.3d 217, 224 (3d Cir. 1998) (damages for emotional harm and stress due to defendants' conduct); *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 112 (3d Cir. 1981) (awarding damages to plaintiffs for excess money they paid because of defendants' discriminatory conduct). "[I]f a party proves actual damages, a district court's award of compensatory damages [under the FHA] is mandatory, not discretionary." *New Jersey Coal. of Rooming & Boarding House Owners,* 152 F.3d at 224 (citation omitted).

**I.     Economic Damages**

"A damages claim under the [FHA] 'is analogous to a number of tort actions recognized at common law.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1306 (2017) (quoting *Curtis v. Loether*, 415 U.S. 189, 195 (1974)). Under tort principles, when a defendant unlawfully prevents a plaintiff from using property that the plaintiff was entitled to use, "damages include compensation for . . . the value of the use during the period of detention or prevention." Restatement Second of Torts § 931(a).[2] The owner of the property "is entitled to recover as damages for the loss of the value of the use, at least the rental value [of the property] during the

---

[2]     Numerous courts have cited to the Restatements in construing Fair Housing Act claims. *See, e.g., Meyer v. Holley*, 537 U.S. 280, 286 (2003) (citing Restatement (Second) of Agency regarding vicarious liability under the FHA); *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 825 (9th Cir. 2001) (citing Restatement (Second) of Torts regarding mitigation of damages defense); *Samaritan Inns, Inc. v. D.C.*, 114 F.3d 1227, 1234 (D.C. Cir. 1997) (citing Restatement (Second) of Torts in determining that plaintiff could recover damages for delays in renovations to residential housing facility caused by defendant's unlawful conduct).

period of deprivation." *Id*. at Comment on Clause (a). The owner is entitled to recover damages "even though the owner . . . was not using the subject matter at the time or had a substitute that he used without additional expense to him." *Id*.

Economic damages also include the cost of travel due to the defendant's unlawful conduct. *Nelson v. Long Reef Condo. Homeowners Ass'n, No*. CV 2011-0051, 2016 WL 4154708, at *13 (D.V.I. Aug. 5, 2016) (awarding $12,000 in out-of-pocket expenses including for cost of "driving further to work" due to defendant's denial of a reasonable accommodation for an emotional support animal).

## II. Intangible Damages for Mental Anguish and Emotional Distress

Compensatory damages includes "pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life" that a plaintiff "experienced as a consequence" of the defendant's unlawful conduct. Third Circuit Model Jury Instruction 9.4.1; *Boarding House Owners,* 152 F.3d at 224; *see United States v. Balistrieri*, 981 F.2d 916, 931 (7th Cir. 1992) ("emotional distress caused by housing discrimination is a compensable injury under the Fair Housing Act"); *see also Banai v. Sec'y, U.S. Dep't of Hous. & Urb. Dev. on Behalf of Times*, 102 F.3d 1203, 1207 (11th Cir. 1997) (compensatory damages under the FHA include "anger, embarrassment, and emotional distress" and affirming award of $70,000 in total compensatory damages for emotional distress, divided equally between two plaintiffs).

## III. Punitive Damages[3]

An award of punitive damages is appropriate when the defendant's conduct "involves

---

[3] The Court severed the United States' damage claims on behalf of the Halperns from the jury trial held on June 6 to 10, 2022. The Court has, therefore, never ruled on whether punitive damages are appropriate with respect to the Halperns. Its prior decision not to instruct the jury on punitive damages only addressed damages claims by and on behalf of plaintiff-intervenor Louise Hamburg, which were the only claims for damages that were at issue in that trial.

reckless or callous indifference to the federally protected rights of others." *Alexander v. Riga*, 208 F.3d 419, 430–31 (3d Cir. 2000) (citation omitted). "Malice" and "reckless indifference" refer to a housing provider's "knowledge that it may be acting in violation of federal law." *Id*. at 431 (citing *Kolstad v. American Dental Association*, 527 U.S. 526, 535 (1999)). The focus is on the "actor's state of mind," not "egregious or outrageous discrimination." *Id*.; *see also Miller*, 646 F.2d at 111 (stating that punitive damages are appropriate when a defendant has acted "with actual knowledge" or "reckless disregard" of whether he is violating a federally protected right, or "with such conscious and deliberate disregard of the consequences" of actions that the "conduct is wanton"); *see also Nelson v. Long Reef Condo. Homeowners Ass'n, No*. CV 2011-0051, 2016 WL 4154708, at *13 (awarding $45,000 in punitive damages for refusal to grant accommodation for an emotional support animal).

## IV. Categories of Damages that Should be Awarded to the Halperns

### A. Damages for Out-of-Pocket Expenses and Lost Time

Out-of-Pocket Expenses

| Date Range | Expense | Amount |
|---|---|---|
| December 2018-June 2020 | Condo and Garage Fees[4] | $22,100 |
| December 2018-June 2020 | Mileage reimbursement for drives between Ocean City and the Dorchester/Philadelphia [5] | $2,366 |
| July 2020-January 2022 | Condo and Garage Fees[6] | $23,017 |

---

[4]   *See* Exhibit P191.

[5]   The distance between the Halperns' home in Ocean City, NJ and the Dorchester Condominium is 68 miles. *See* Exhibit P228. During the pendency of the Halperns' accommodation requests and before the DOA granted the request on June 8, 2020, the Halperns visited the Dorchester and/or Philadelphia area from Ocean City on 25 to 30 separate occasions. *See* Exhibit P225; D212.0014-44; 9/8/22 Trial Transcript ("TT") at 43-44; Halperns' Location Calendar, Exhibit A. At least fifteen of those visits were single-day visits. *See* Exhibits P225, P226; Halperns' Location Calendar, Exhibit A. Accordingly, during the pendency of their requests for an accommodation, the Halperns drove approximately 4,000 miles when traveling between Ocean City and the Dorchester/Philadelphia area. The 2019 IRS reimbursement rate for vehicle miles traveled was 58 cents per mile. *See* https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited Sept. 19, 2022).

[6]   *See* Exhibit P191.

Lost Time

The value for this time should be determined by the trier of fact.

| Date Range | Description | Time Lost |
|---|---|---|
| December 2018 - June 2020 | Driving to and from Dorchester/Philadelphia and Ocean City[7] | 90 Hours |
| July 2019 | Second ESA Application | 5 Hours |

**B.     Intangible Damages for Mental Anguish and Emotional Distress to Bernard Halpern**

These damages should be determined by the trier of fact.

**C.     Intangible Damages for Mental Anguish and Emotional Distress to Cynthia Halpern**

These damages should be determined by the trier of fact.

**D.     Punitive Damages to Bernard Halpern**

These damages should be determined by the trier of fact.

**E.     Punitive Damages to Cynthia Halpern**

These damages should be determined by the trier of fact.

Date:  October 5, 2022                                    Respectfully submitted,


JACQUELINE C. ROMERO                           KRISTEN CLARKE
United States Attorney                                    Assistant Attorney General
for the Eastern District of Pennsylvania         Civil Rights Division
                                                                        U.S. Department of Justice

                                                                        */s/ Noah D. Sacks*
GREGORY B. DAVID                                    SAMEENA SHINA MAJEED
Assistant United States Attorney                    Chief
Chief, Civil Division

---

[7]     The drive between the Dorchester and the Halperns' home in Ocean City took the Halperns about 1.5 hours.  *See* 9/8/2022 TT at 44–45.

CHARLENE KELLER FULLMER
Assistant United States Attorney
Deputy Chief, Affirmative Litigation


ELIZABETH L. COYNE
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Ste. 1250
Philadelphia, PA 19106
Phone: (215) 861-8447
Elizabeth.Coyne@usdoj.gov

*Counsel for Plaintiff United States of America*

TIMOTHY J. MORAN
Deputy Chief

NOAH D. SACKS
Trial Attorney
SAMANTHA ONDRADE
YENISEY RODRIGUEZ
Trial Attorneys
Housing and Civil
Enforcement Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Phone: (202) 598-6366
noah.sacks@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing Statement of Damages to be served on the following counsel of record via the Court's CM/ECF system:

Paul C. Troy, Esq.
Thomas J. Zimmerman, Esq.
Kane, Pugh, Knoell, Troy & Kramer LLP
510 Swede St.
Norristown, PA 19401
tzimmerman@kanepugh.com
ptroy@kanepugh.com

Alexander B. Wright, Esq.
Margaret S. Coleman, Esq.
The Law Offices of Timothy P. O'Brien
Henry W. Oliver Building
535 Smithfield Street, Suite 1025
Pittsburgh, Pennsylvania 15222
abw@obrienlawpgh.com
msc@obrienlawpgh.com

*/s/ Samantha Ondrade*
SAMANTHA ONDRADE
Trial Attorney

Date: October 5, 2022