# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** *Plaintiff,* <br><br> v. <br><br> **THE DORCHESTER OWNERS' ASSOCIATION,** *Defendant.* | **CIVIL ACTION NO. 20-1396** |

## ORDER

**AND NOW**, this 7th day of November, 2022, following the argument on November 3, 2022 on various topics, it is hereby **ORDERED**:

1. Confirming the schedule adopted at the close of arguments, each party shall file no later than **November 30, 2022**, a document, in the same format as the Chronology prepared by the Court (Doc. No. 274), with any objections or additions to the Chronology, supported by specific record citations.

2. Subject to legal arguments which each party can make, because the Court is initiating an inquiry pursuant to Rule 11(c)(3), testimony and exhibits admitted into evidence at the trial, plus any documents that were in the possession, custody, or control of the Department of Housing and Urban Development (as these likely constitute "public records") may be considered by the parties and the Court.

    a. The specific inquiry under Rule 11 is whether the Court can conclude that Louise Hamburg made material misrepresentations to HUD and/or the DOJ, and/or the Court/jury, as to the "treatment" she alleged she received from Carla Black, and if so, whether HUD and/or the DOJ should have made disclosures about these

misrepresentations either during pretrial proceedings or at the trial. If yes, what impact would this conclusion have on the pending issues under Rule 50 and Rule 11?

    b. The Government shall also disclose why it did not seek to introduce at trial any evidence of the investigation undertaken by HUD or the regulations promulgated by HUD relevant to the facts of this case.

3. No later than **December 14, 2022**, each party shall file a memorandum, limited to fifteen (15) pages, double spaced, with its position on these issues, and the chronology, and any other issues in the case not previously briefed, together with any citations, that may be relevant on the pending Rule 50 motions and/or the Rule 11 inquiry.

    a. Counsel should not repeat arguments already made, but the Court is most interested in citations to applicable "precedential opinions" on these issues.

4. Either party may attach HUD or DOJ documents to this brief unless they were already admitted into evidence at trial.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 20\20-1396 United States v Dorchester\20cv1396 Order following Argument 11.4.docx